**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-4004-19T4

STATE OF NEW JERSEY,

     Plaintiff-Appellant,

v.

JAMES HABEL,

     Defendant-Respondent.

_____

Submitted November 10, 2020 – Decided December 18, 2020

Before Judges Fisher, Gilson and Moynihan.

On appeal from the Superior Court of New Jersey, Law Division, Monmouth County, Indictment No. 13-06-1087.

Christopher J. Gramiccioni, Monmouth County Prosecutor, attorney for appellant (Mary R. Juliano, Assistant Prosecutor, of counsel and on the briefs).

Kalavruzos, Mumola, Hartman & Lento, LLC, attorneys for respondent (Edward C. Bertuccio, of counsel and on the brief).

PER CURIAM

The State appeals from an order disqualifying two assistant prosecutors from representing it at an evidentiary hearing on defendant's petition for post-conviction relief (PCR). We reverse and vacate the order because neither assistant prosecutor is a necessary witness at the PCR evidentiary hearing.

I.

Defendant James Habel is the former superintendent of schools for Wall Township. In June 2013, a Monmouth County grand jury indicted defendant for fourteen crimes related to his alleged acceptance of payments for unreported vacation-day absences and falsifying or tampering with records related to his district-issued automobile.

In March 2015, a jury convicted defendant of five crimes: second-degree official misconduct, N.J.S.A. 2C:30-2(a); and four counts of falsifying or tampering with records, N.J.S.A. 2C:21-4(a). At trial, the State was represented by Assistant Prosecutors Melanie Falco and John Loughrey. Defendant was represented by Robert Honecker, Jr., who was then in private practice. From 2003 to 2005, Honecker had served as First Assistant Prosecutor and later Acting Prosecutor of Monmouth County.

After the verdict, defendant retained new counsel who filed a motion for a new trial arguing, among other things, that Honecker had a non-waivable

conflict of interest because he had "switched sides" in violation of RPC 1.11. Specifically, defendant argued that in 2005 Honecker had been involved in overseeing investigations relating to the Wall school district and defendant, and those investigations formed the basis for the charges on which defendant was indicted in 2013. The trial court denied defendant's motion for a new trial, finding that it was untimely and not supported by competent evidence.

In December 2015, defendant was sentenced to five years in prison with no parole eligibility. He filed a direct appeal, making eight arguments seeking to reverse his convictions and sentence.

Two of the arguments defendant raised on his direct appeal related to his contention that Honecker had a side-switching conflict of interest. Defendant first argued that the conflict of interest required that his conviction be reversed and that he was entitled to a new trial. Defendant also argued that Honecker had been ineffective due to the conflict of interest.

We rejected defendant's arguments and affirmed his convictions and sentence. State v. Habel, No. A-1473-15 (App. Div. Apr. 10, 2018). Concerning the alleged conflict of interest, we agreed with the trial court that defendant's motion for a new trial was not timely under Rule 3:20-2. We also held that the trial court "correctly ruled that defendant provided no competent factual

information establishing his right to relief" based on the alleged conflict of interest. Habel, slip op. at 9-10. In that regard, we noted that "no evidence reveals that the investigation conducted while Honecker was at the Prosecutor's Office had any relation to the charges for which defendant was indicted." Id. at 12.

We also held on the direct appeal that "[t]he inclusion of Honecker on the 'witness list' did not create a disqualifying conflict." Id. at 15. Furthermore, we ruled that the introduction of an email defendant sent, and on which Honecker was copied, did not create a disqualifying conflict. Ibid.

On the direct appeal, we did not rule on defendant's claim that Honecker provided ineffective assistance due to the alleged conflict of interest. Instead, we held that such a claim was "better suited for a post-conviction relief application." Id. at 16. In making that ruling, we pointed out that defendant had not waived his attorney-client privilege and "effectively preclud[ed] Honecker from providing information that may have shed more light on the conflict issue." Id. at 14. Our Supreme Court denied defendant's petition for certification. State v. Habel, 236 N.J. 558 (2019).

In May 2019, defendant filed a petition for PCR. He argued that Honecker provided ineffective assistance at trial because of the side-switching conflict of

interest. At oral argument on the petition, defendant, through counsel, represented for the first time that he would waive his attorney-client privilege if the court granted a hearing on his application. He therefore requested an evidentiary hearing at which Honecker could testify.

On December 23, 2019, the PCR court issued a written opinion and order granting defendant's request for an evidentiary hearing. The PCR court limited the hearing to defendant's allegation that Honecker had a conflict of interest due to his prior role as First Assistant Prosecutor and Acting Prosecutor of Monmouth County from 2003 to 2005.

In preparation for the evidentiary hearing, the court conducted several conferences with counsel. During those conferences, defendant argued that Falco should not be allowed to represent the State at the hearing because she would be a witness called by defendant. Thereafter, defendant argued that both Falco and Loughrey should be disqualified because both would be called as witnesses at the PCR hearing.

At a conference on May 18, 2020, the PCR court stated that both Falco and Loughrey were disqualified from representing the State at the PCR hearing because both were potential witnesses at that hearing. The PCR court

memorialized that ruling in an order issued on May 22, 2020. We granted the State leave to appeal from the May 22, 2020 order.

II.

On appeal, the State argues that disqualifying both assistant prosecutors was an error and prejudiced the State. In support of that position, the State contends that RPC 3.7 does not apply in post-conviction proceedings and that the assistant prosecutors are not necessary witnesses at the PCR hearing. We agree with the State that neither assistant prosecutor is a necessary witness at the PCR hearing. Accordingly, we reverse and vacate the May 22, 2020 order.

The issue of whether to disqualify an attorney is a question of law. Twenty-First Century Rail Corp. v. N.J. Transit Corp., 210 N.J. 264, 274 (2012). Accordingly, we use a de novo standard of review. Ibid. (citing City of Atlantic City v. Trupos, 201 N.J. 447, 463 (2010)).

A request to disqualify an attorney involves the careful balancing of competing interests: the "need to maintain the highest standards of the profession" with the right to freely choose counsel. Comando v. Nugiel, 436 N.J. Super. 203, 213 (App. Div. 2014) (quoting Dewey v. R.J. Reynolds Tobacco Co., 109 N.J. 201, 218 (1988)).

A-4004-19T4

Requests to disqualify an opponent's attorney are generally viewed with disfavor given "their potential abuse to secure tactical advantage." Escobar v. Mazie, 460 N.J. Super. 520, 526 (App. Div. 2019) (citations omitted). Consequently, on such a motion the initial burden of production rests with the moving party. Id. at 529 (citing Trupos, 201 N.J. at 462). If the burden is satisfied, it shifts to the attorney to demonstrate that the grounds for disqualification have not been met. Trupos, 201 N.J. at 463. The moving party, however, retains "the burden of proving that disqualification is justified." Ibid. (citation omitted).

RPC 3.7 addresses whether a lawyer should be disqualified on grounds that he or she will be called as a witness. The Rule provides:

> A lawyer shall not act as advocate at a trial in which the lawyer is likely to be a necessary witness unless: (1) the testimony relates to an uncontested issue; (2) the testimony relates to the nature and value of legal services rendered in the case; or (3) disqualification of the lawyer would work substantial hardship on the client.
>
> [RPC 3.7(a).]

We need not decide whether RPC 3.7 applies to a PCR evidentiary hearing. Nevertheless, we note that the rationale for the rule is to avoid confusing a jury concerning the role of a witness with the role of an advocate at

A-4004-19T4

trial.  See Escobar, 460 N.J. Super. at 528 (considering the inherent "risk of jury confusion [from] trial testimony by a lawyer in the cause"); see also Kevin H. Michels, New Jersey Attorney Ethics 769 (2020) ("The primary danger . . . is that a jury may assign undue weight to the statements made by the attorney.").

Defendant here has made no showing that either assistant prosecutor is a necessary witness at the PCR hearing.  Consistent with our opinion on the direct appeal, the PCR court properly limited the evidentiary hearing to the question of whether Honecker had a conflict of interest given his prior role as First Assistant and Acting Monmouth County Prosecutor.  More specifically, the question is whether Honecker was involved in an investigation in 2003 to 2005 that later formed the basis for defendant's indictment in 2013.

Defendant has presented no evidence that Falco or Loughrey have any knowledge of Honecker's role in investigations in 2003 to 2005.  The State has represented that the people with such knowledge include Honecker, former Assistant Prosecutor Thomas Campo, and former Detective Harry Cuttrell.

The PCR court accepted defendant's argument that Falco and Loughrey had knowledge concerning why the State put Honecker's name on the witness list at trial.  Indeed, that is the reason identified by the PCR court in its order disqualifying Falco and Loughrey.  The question of why Honecker was placed

on the witness list, however, has nothing to do with whether Honecker had a conflict of interest. Honecker's inclusion on the witness list was not related to his supervisory role at the Monmouth County Prosecutor's Office. Moreover, we have already ruled that the "inclusion of Honecker on the 'witness list' did not create a disqualifying conflict." Habel, slip op. at 15.

During the motion for a new trial, Falco explained that Honecker had been placed on the witness list because defendant had indicated he might introduce evidence concerning a grand jury's decision in January 2014 not to charge defendant with other crimes. We ruled that "Honecker's name was justifiably included on the witness list because of the potential defense use of no-billed charges." Id. at 29.

Defendant also argues that Falco and Loughrey had knowledge about why the State introduced an email sent by defendant on April 23, 2013, which copied Honecker. That email also has nothing to do with whether Honecker had a conflict of interest due to his role at the Monmouth County Prosecutor's Office from 2003 to 2005. The email was not drafted by Honecker and did not address his alleged oversight of an investigation into defendant's conduct. Indeed, the email contained an administrative request that was sent in 2013 to a fellow Wall

employee. Moreover, we have ruled that the email and why it was used at trial are not relevant to the alleged conflict of interest. Id. at 15.

Finally, we note that defendant made no showing that it was necessary to disqualify both Falco and Loughrey. The State had initially offered to have Loughrey testify, if necessary. A necessary witness subject to disqualification under RPC 3.7 is one whose information is unobtainable elsewhere. Escobar, 460 N.J. Super. at 528-29 (citations omitted). Falco is not a necessary witness if Loughrey can provide the same information.

In summary, defendant has failed to establish that either Falco or Loughrey are necessary witnesses at the PCR hearing. Accordingly, the May 22, 2020 order disqualifying the two assistant prosecutors is reversed and vacated. The matter is remanded with the direction that Falco and Loughrey can represent the State at the PCR hearing and can be involved in preparations for that hearing.

Reversed and remanded. We do not retain jurisdiction.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

A-4004-19T4